WILL OF COSKEY: RICHTER, Executor, and others, Appellants, vs. ZARECH and others, Respondents.

*March 6—June 6, 1933.*

For the appellants there were briefs by *Rowan, Kalaher & Stoecker* of Milwaukee (*Christian Doerfler* of Milwaukee of counsel), and oral argument by *Frank J. Rowan.*

For the respondents there was a brief by *Beck, Smith & Heft* of Racine, attorneys for Elizabeth Koskey and Margaret Smith, and *Joseph Pollack* of Milwaukee of counsel; *Emil G. Rahr* of Milwaukee, guardian *ad litem* for Mildred Erdman; *James E. McCarty* of Milwaukee, attorney for other respondents, and *C. T. Young* of Milwaukee of counsel; and oral argument by *Mr. Lawrence Smith, Mr. Pollack, Mr. Rahr,* and *Mr. Young.*

The following opinion was filed April 11, 1933:

ROSENBERRY, C. J. A very vigorous argument was made here that it clearly appears from the document in question that the testator intended to disinherit all relatives and persons except those named in the document; that upon the basis of that assumption the court should hold that Otto Richter, Hazel Richter, and Mary Heldenberg were to take his property in equal shares, all bills to be first paid; Otto Richter to be the executor and his relatives to get nothing. While it is barely possible that the testator may have had in mind such disposition of his estate as appellants claim, we are unable to say, taking into consideration all of the facts and surrounding circumstances, that such intent appears by the document in question. The provision "Otto Richter comes first" would seem to indicate that he had a claim in the estate superior to the others. The provision that "Hazel Richter comes second" would seem to indicate that she had some sort of a remainder; but when to these is added "Mary Helden-

berg also," it is impossible to tell whether she comes after Otto and Hazel or comes with them, to use the language of the will.

We have given the matter careful consideration, including the authorities cited by appellants, and we are obliged to come to the same conclusion the trial court came to, that is, that the will is void on account of its indefiniteness and uncertainty.

*By the Court.*—Judgment affirmed.

The following memorandum was filed June 6, 1933:

PER CURIAM. Briefs have been filed on a motion for rehearing and we are most earnestly urged to reconsider the case. The brief on motion for rehearing, in addition to rearguing matters presented in the original briefs, urges that we should determine the language of the will—"Otto Richter comes first," "Hazel Richter comes second," and "Mary Heldenberg comes also"—as meaning that Mary Heldenberg comes like the rest, from which it is argued that the intent of the testator to make an equal distribution of his estate appears. Each member of the court has carefully considered and fully appreciates the force of the argument made. The conclusion suggested, however, requires us to interpolate something which does not appear from the language of the will when considered in the light of surrounding circumstances.

While language is used in the opinion couched in legal terms, it was not thereby intended to impute to the testator any intent either because of the use of or failure to use technical terms. The court was there simply expressing its view of what the language of the will meant when translated into legal terms. We are obliged to adhere to our former determination.

Motion for rehearing is denied, with $25 costs.